Drake, Oh. J.,
delivered the opinion of the court:
By the act of March 3,1881, 11 for the relief of several persons impressed into the United States naval service,” (21 Stat. L. 643, eb. 168,) the Secretary of the Treasury was authorized and directed to settle and pay to certain persons composing the crews of certain steamers, pay and commutation of rations for the time they were each held as prisoners of war, including the necessary time it took them to reach their homes after their release.
In pursuance of this authority the Secretary of the Treasury allowed claims in favor of the following four parties, for the several sums named: William B. Clift, $4,183.60 ; William H. Hill, administrator of John Adams, $935.60; William Kil-liuger, $798.30; David Peak, $775.80.
Warrants were duly signed, registered, and issued in favor of each of those parties for the amount allowed him, and on their face, after the name of the payee, wore written the words “Care J. F. Meguire, 116 D St. N. W., Wash. D. C.;” which led to the warrants being delivered to said Meguire; who received for each one a treasury draft payable to the party named in the warrant. The first three of these warrants were dated April 12,1881, and the last, June 11, 1881.
This delivery of the warrants and drafts to Meguire was made under mistake, without authority from the parties; but he refused to deliver to them the drafts; which, unendorsed by the payees, have never come into their possession, and are still outstanding.
After the issue of said warrants and drafts, the parties in whose favor they were drawn assigned to the claimant, in the manner prescribed by section 3477 of the Revised Statutes, all their right and title to the warrants and drafts and the claims represented by them.
Thereafter the claimant instituted in the Supreme Court of the District of Columbia a suit in equity against J. F. Meguire, *673 A. S. Meguire, and' the payees of said warrants and drafts, which resulted in a final decree in his favor, establishing his right and title to the warrants and drafts, and the claims which they represented, and extinguishing all pretense of title thereto in the other parties. This decree required' the claimant to execute to the United States the usual bond of indemnity provided for by law and the rules of the Department, as in the case of lost drafts; which the findings show has been done.
Notwithstanding this decree, and the filing of the bond of indemnity, the Treasurer of the United States refused to mate payment to the claimant, and the claimant brings this suit to recover the amount of the claims.
The question is whether the fact that the drafts are so outstanding authorizes the withholding of payment to the claimant.
If the drafts had been endorsed by the payees, it would manifestly be improper for the Treasurer to pay the claims without the surrender of the drafts; but they were not endorsed.
If, unendorsed, they were in the hands of a third party, the possession of them might be evidence of an equitable title in him to them, and the payees could not obtain payment of them.
But when, by the decree of a court of competent jurisdiction, it is settled that the holder of them has no right or title to the drafts, or to the warrants, or to the claims represented by the drafts and warrants, and the title to the claims, the warrants, and the drafts is decreed to the claimant; then, so far as this court is concerned, the claimant stands before us a lawful as-signee of the claims, and prima facie is entitled to a judgment for the amount of them.
The fact that the drafts are outstanding, without the endorsement of the payees, is no ground for refusing him that judgment. His right rests not on the drafts, but on the claims for which warrants were issued; the whole right and title to which is doubly vested in him, — by the assignment of the parties, and by judicial decree. In no way could the United States ever be subjected, so far as we can see, to a liability to pay those claims a second time through those drafts. If that is impossible, as it seems to us to be, there is no reason why the claimant should not have judgment; which will accordingly be entered in his favor for the aggregate amount of the four claims, $6,693.30.